Filed 9/11/25  P. v. Martinez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341734 |
| Plaintiff and Respondent, | Los Angeles County |
| | Super. Ct. No. |
| v. | 24DWCF00703 |
| JAVIER MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria Andrea Davalos, Judge.  Affirmed.

Jennifer Peabody and Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Javier Martinez appeals from his conviction by a jury of possession of a firearm by a felon. Martinez's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

At trial,[1] Deputy Sheriff Rigoberto Escobar testified he went to the 7400 block of Mace Place around 5:00 p.m. on July 3, 2024 in response to "a shooting call for service." Escobar saw a person who matched the description officers had been given. That person later was identified as Martinez.

After Martinez made eye contact with Escobar, he turned and went toward a residence. Deputies ordered Martinez to surrender but he refused to comply with their commands. Martinez eventually "gave up" and surrendered. Deputies "canvas[sed] the . . . area" looking for a firearm. They found a Sig Sauer firearm about ten feet from Martinez. It was loaded with six rounds in the magazine and one in the chamber.

Deputy Zachary Torp testified he also went to the Mace Place address. He authenticated a surveillance video that the prosecutor then played for the jury. Torp testified Martinez could be seen in the video holding something in his right hand. Torp stated, "I believe it to be a semi-automatic black firearm described as a pistol."

Martinez stipulated he had a prior felony conviction. Martinez chose not to testify.

---

[1] The People also charged Martinez with four counts of assault with a semiautomatic firearm on four alleged victims. The prosecution apparently was unable to procure the victims' attendance at trial. On October 18, 2024, the prosecution announced unable to proceed and the trial court dismissed those four counts.

The jury convicted Martinez on the firearm charge. Martinez waived jury on the aggravating factors the People had alleged. The court found true three aggravating factors: Martinez had prior convictions as an adult that were numerous and of increasing seriousness; he had served a prior term in state prison; and he previously had performed unsatisfactorily on probation. (Cal. Rules of Court, rule 4.421(b)(2), (3) & (5).) The trial court sentenced Martinez to the upper term of three years in the state prison.

Martinez appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief and a declaration stating she had read "the entire record on appeal" and "discussed [the] case with trial counsel." Counsel asked this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated she had written to Martinez "at the most current address [she] then had for him," "explaining [her] evaluation of the record on appeal and [her] intention to file this pleading." Counsel enclosed "the transcripts of the record on appeal." Counsel advised Martinez he had the right to file a supplemental brief within 30 days. On June 16, 2025, we sent Martinez a letter saying the same thing. We have not received a supplemental brief from Martinez.

We have independently reviewed the record and find no arguable issues. We are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

3

## DISPOSITION

We affirm Javier Martinez's conviction and sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



HANASONO, J.